[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER RE MOTION FOR MODIFICATION OF CHILD SUPPORT
In this post-judgment Motion for Modification of child support, plaintiff Mary E. Michalski, the custodial parent, seeks to increase the amount of money which the court ordered the defendant, Thaddeus S. Michalski, to pay for the support of his minor child, Christopher, and to require the defendant to provide insurance coverage for said minor child. In this regard, it is noted that the judgment of dissolution, entered on May 23, 1985, obligated the defendant to pay $40.00 per week per child as support for three minor children. Since that time the oldest children have reached the age of majority. The defendant presently pays $40.00 per week for the support of the remaining minor child, Christopher, age 15. CT Page 8739
The judgment of dissolution required the plaintiff to maintain medical insurance for the children as available through her place of employment, and left to further court order the determination of the medical insurance issue in the event that the then current medical insurance ceases to be available to the plaintiff.
The court having heard the evidence and reviewed the affidavits of the parties, as well as the applicable provisions of the law, finds that there has been a substantial change of circumstances since the date of dissolution, and enters the following orders:
1) The defendant shall pay to the plaintiff $125 per week as support for the minor child, Christopher.
2) The defendant shall provide major medical and dental insurance for the benefit of the minor child, Christopher, and each party shall be responsible for one-half of all such unreimbursed medical and dental expenses. (The provisions of Conn. Gen. Stat. 46b-84 (c) are incorporated herein).
Regarding the above orders, the court finds that in view of the salary and assets of the parties, it is inappropriate to apply the child support guidelines strictly in this case. In this regard, the Court notes that it may be necessary for the defendant to liquidate some of his assets in order to accommodate the foregoing court orders.
The foregoing child support order is retroactive to August 16, 1991, the date of service of notice of the motion for modification.
JONES, J.